IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| ANA SANCHEZ-SMITH, | ) | |
| AMBER HAVERFIELD-CHATWELL, | ) | |
| and DANA WHITE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-442-TCK-PJC |
| | ) | |
| AHS TULSA REGIONAL MEDICAL | ) | |
| CENTER, LLC, d/b/a TULSA REGIONAL | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion in Limine to Exclude Opinions Developed Specifically for this Litigation by Relators' Non-Retained Experts (Docs. 267, 268), wherein Defendant Tulsa Regional Medical Center ("TRMC") seeks to exclude certain opinion testimony of Kelly Shropshire ("Shropshire"), Debbie Spaeth ("Spaeth"), and Warren Lundy ("Lundy").[1]

### I.    Lundy

Lundy is a federal auditor. Lundy testified that, on or around January 2010, he was asked by a federal agent ("agent") to prepare his Report of Review ("Report"). To prepare the Report, Lundy used information from Oklahoma Health Care Authority ("OHCA"), which was obtained by the agent and given to Lundy. Lundy stated in a deposition, taken in this case in July 2010, that the purpose of the Report was "support for this case." When Lundy completed the report, he gave it to the agent. (*See* Lundy Dep., Ex. 2 to Doc. 286, at 14-15, 22-23, 173-74.) Lundy has never

---

[1] For a complete factual background, see the Court's Opinion and Order denying summary judgment, which is entered simultaneously to this Order.

discussed the Report with U.S. Attorneys for the Northern District of Oklahoma.  Lundy has, on

occasion, discussed the Report with Relators' counsel.

As explained by Magistrate Judge Cleary in a prior Order, Relators' counsel obtained the

Report from a U.S. Attorney in the Western District of Oklahoma.  (*See* Doc. 200 at 1 n.1.)[2]  As

further explained by Judge Cleary, "[a]pparently, a case similar to this one is pending in the Western

District of Oklahoma and the Relators have obtained documents, cooperation, and access to

witnesses through the assistance of the U.S. Attorney for the Western District of Oklahoma." (*Id.*)

Evidence attached to the briefing before the Court indicates that Relators' counsel has some type

of "joint prosecution agreement" with the U.S. Attorney's Office for the Western District of

Oklahoma. (*See* Ex. 5 to Doc. 287 (letter from Relators' counsel discussing agreement).)

TRMC agues that (1) because Lundy stated that the Report was prepared as "support for this

case," Lundy is necessarily offering opinions developed for this litigation, and (2) the Report is

therefore subject to the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)'s ("Rule

26(a)(2)(B)") requirements.  TRMC contends that the Report does not comply with Rule 26(a)(2)(B)

because "Relators did not produce data or other information considered by Lundy when forming his

analysis, exhibits that he will use to summarize or support his opinions, his qualifications (including

all publications authored in the last ten years), a list of other cases in the past four years in which

he testified as an expert, or a statement of his compensation." (*See* Def.'s Mot. to Exclude Opinions

Developed for this Litig. 1 n.1.)

---

[2]  In this Order, Judge Cleary granted TRMC's motion to strike certain portions of Lundy's Report discussing patients whose treatment was covered by the ADAMHA but who did not consent to disclosure, and this Court affirmed.  (*See* Docs. 126, 200, 238).  Apparently, following this ruling, Lundy revised the Report in accordance with the Court's Order.  (*See* Pls.' Resp. to Def.'s Mot. for Summ. J. at 14 n.3.)  TRMC did not raise any concerns or move to exclude the entire Lundy Report at that time.

Rule 26(a)(2)(B) requires a written report containing six specific items "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The Court concludes that Lundy was not retained or specially employed to provide expert testimony and is therefore not subject to Rule 26(a)(2)(B)'s requirements. Instead, Lundy opinions were developed after a federal agent asked him to conduct an audit of TRMC's records. There is no evidence that Lundy was hired, directed, or in any way instructed by counsel for Relators to draft the Report. Nor is there any evidence that Lundy developed his opinions outside the scope of his general employment as a federal auditor.

Lundy's testimony is distinguishable from that of a treating physician who steps beyond diagnosis and treatment and begins offering causation or other opinion testimony at the behest of counsel for purposes of litigation. *See, e.g.*, *Wreath v. United States*, 161 F.R.D. 448, 449-50 (D. Kan. 1995) (explaining that "when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, he becomes subject to the provisions of Fed. R. Civ. P. 26(a)(2)(B)"). Lundy is offering opinions about "facts made known to him" during the course of the audit completed as part of his employment duties. Further, Lundy will not receive any compensation and has never testified in other cases, further illustrating that he is not a "retained or specially employed expert" required to disclose such information in a Rule 26(a)(2)(B) report. *See Wreath*, 161 F.R.D. at 449-50 ("[U]nder Rule 26(a)(2)(B), only those witnesses 'retained or specially employed' to provide expert testimony in the case are required to provide written reports signed by the witness. The data which must be included within the report is also instructive. The report must include information generally required of specially retained expert witnesses such as the

compensation to be paid for their study of the case and their testimony, and an identification of other cases in which they have testified.").

Although Lundy used the phrase "as support for this case" when asked why the agent requested that he prepare the Report, this is not a sufficient basis to exclude Lundy's testimony under the circumstances presented. The U.S. Attorney for the Northern District of Oklahoma elected not to intervene in this action on May 14, 2007. There is no legitimate reason the agent would have asked Lundy to prepare the report "for this case," *i.e.*, the Northern District of Oklahoma case, in January 2010. The Court will not assume that the agent somehow colluded with Relators' counsel or that the government is willing to expend resources in preparation for litigation in which it declined to intervene. Although Relators' counsel is receiving some degree of cooperation from a U.S. Attorney outside this district, this is not sufficient to deem Lundy a "retained or specially employed" expert by Relators. As explained below, Realtors do not even have full access to the underlying data used by Lundy in preparing the Report. Therefore, the Court concludes that Lundy is offering opinions developed in the course of his employment as a federal auditor and not as a retained or specially employed expert.

Even assuming Lundy must be classified as "retained" by Relators and therefore subject to Rule 26(a)(2)(B)'s requirements, Relators have provided all the information they possess related to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi). Although TRMC complains about the Report's failure to provide information regarding data underlying the Report, it is clear that the federal government, and not Relators, controls such information. Recognizing this fact, TRMC issued a Subpoena to Lundy on May 28, 2010 (following the March 26, 2010 production of the Report), requesting documents Lundy relied upon, demonstratives he may use to aid in his opinion,

and any notes of communications with others regarding his opinions.  Relators did not object, and Lundy produced responsive documents to TRMC around June 18, 2010.  Because of ADAMHA protection extended by this Court to certain records, (*see* Docs. 230, 238), only TRMC received a searchable version of Lundy's spreadsheets.  Relators received a redacted, non-searchable version. These circumstances mitigate against a finding that the Lundy Report should be excluded based on a lack of information contained therein.  In fact, TRMC seems to have more information regarding the Report than Relators.  In addition, Lundy was deposed and provided other information about his qualifications and his opinions.  TRMC cannot legitimately complain that they are in any way prejudiced by the Report's failure to contain the information required by Rule 26(a)(2)(B)(i)-(vi).

In sum, Relators timely identified Lundy as an expert and provided the Report summarizing Lundy's opinions.  Such opinions were developed in the course of Lundy's employment as a federal auditor and at the behest of a federal agent.  Further, Relators and Lundy have fully disclosed to TRMC all information surrounding Lundy's preparation of the Report, rendering any alleged deficiencies cured or irrelevant.

## II.    Shropshire and Spaeth

TRMC seeks to exclude any opinion testimony by Shropshire and Spaeth that is based on Lundy's Report because such opinions were necessarily developed during the course of litigation, rather than in their capacities of normal employment.  Realtors have represented that they do not intend to elicit any such opinion testimony on direct examination, and this aspect of the motion in limine is denied as moot.[3]

---

[3]  The parties raise arguments regarding whether certain testimony will "open the door" to allow these witnesses' to comment on the Lundy Report.  Any such arguments will be addressed if and when they are raised at trial.

**III.**     **Conclusion**

Defendant's Motion in Limine to Exclude Opinions Developed Specifically for this Litigation by Relators' Non-Retained Experts (Docs. 267, 268) are DENIED.

**IT IS SO ORDERED this 5th day of November, 2010.**

_Terence C Kern_
_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**